UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. HORTON,

        Petitioner,

                                          CASE NO. 2:06-CV-11800
v.                                         HONORABLE NANCY G. EDMUNDS

MICHIGAN PAROLE BOARD,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Petitioner Robert M. Horton, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his parole revocation proceedings. For the reasons stated below, the Court dismisses the habeas petition without prejudice for failure to exhaust state court remedies.

**II.    Background Facts**

Petitioner was convicted of second-degree home invasion in the Wayne County Circuit Court pursuant to a plea and was sentenced to one to 15 years imprisonment in 2001. He was most recently released on parole in August, 2005. He was subsequently arrested for parole violations. Following a hearing, Petitioner was found guilty of failing to report, possession of an imitation firearm, and a curfew violation. His parole was revoked and he was returned to custody for a period of 60 months. *See* Parole Board Notice of Action dated 11/03/05.

Dockets.Justia.com

Petitioner indicates in his pleadings that he has not appealed this decision to the state courts.

Petitioner dated the instant petition on April 1, 2006. In his pleadings, Petitioner asserts that the evidence at his revocation hearing was manufactured by the parole agent, that counsel only agreed to a 24-month return to custody, and that no criminal charges were filed against him for the parole violations.

**III.    Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-339 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb. 11, 2003). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied when the highest court in the state has been given "a full and fair opportunity" to rule on the petitioner's claims." *Rust*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner still has available state court remedies to challenge his parole revocation proceedings which must be exhausted before he seeks federal habeas review. The Administrative Procedures Act, Mich. Comp. L. § 24.201 *et seq.*, provides an inmate whose

parole has been revoked with the right to seek judicial review of the Parole Board's decision with the Michigan circuit courts. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). Petitioner has not done so with respect to his claims challenging his parole revocation. Nor has he pursued his claims in the Michigan Court of Appeals or the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.[1]

Petitioner may also challenge the Parole Board's revocation decision by filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. L. § 600.4301 *et seq.*, Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). There is no time limitation regarding when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 142 Mich. App. at 778. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

Petitioner in this case has failed to demonstrate that he has exhaust available state court remedies prior to filing the present habeas petition. Absent the exhaustion of those remedies, his federal habeas petition is premature and must be dismissed.

**IV.    Conclusion**

---

[1] The APA requires that an appeal from an agency ruling be made within 60 days of the ruling. *See* Mich. Comp. L. § 24.304(1). It appears that Petitioner did not seek review of the Parole Board's revocation decision within 60 days of its ruling. This remedy may thus no longer be available to Petitioner.

Based upon the foregoing analysis, this Court concludes that Petitioner has failed to exhaust state court remedies as to the claims contained his habeas petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED.**


s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated: April 20, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2006, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer
**Case Manager**